UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER GIVANS,

                Petitioner,                Case No. 1:07-cv-1168

v.                                            Honorable Gordon J. Quist

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                Respondents.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a cognizable federal claim.

**Factual Background**

Petitioner is incarcerated at Camp Branch. He was convicted in the Wayne County Circuit Court of manslaughter and possession of a firearm during the commission of a felony. The trial court sentenced him on September 13, 1994, to imprisonment of ten to fifteen years for the manslaughter conviction and two years for the felony-firearm conviction. Petitioner's action concerns the denial of his parole by the Michigan Parole Board. The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections (MDOC). *See* MICH. COMP. LAWS § 791.233(e)(5). The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6).

Petitioner has been denied parole each year since 2004. He scored as having a high probability of parole each time he was considered for parole. In 2006, the parole board gave the following substantial and compelling reason for denying Petitioner's parole: "P butt into another's business, and killed a man with an unregistered gun P had for 'protection.' At PBI, P showed he has made gains, but still cannot identify why he would fatally intrude in another's gripe. P needs greater insight to reduce risk." (9/9/06 Parole Board Notice of Decision, docket #1.) Petitioner most recently was denied parole on September 12, 2007. The parole board gave the following substantial and compelling reason for departing from the guidelines in 2007: "The parole guideline score does not take into account the facts of P choosing to take a loaded gun to someone else's argument and shooting the victim in the head, indicating that the victim was not a threat to P. Departure warranted." (9/13/07 Parole Board Notice of Decision, docket #1.)

Petitioner claims that the parole board violated his constitutional rights and Michigan law when they failed to provide a legitimate "substantial and compelling" reason for departing from the parole guidelines.  Petitioner further claims that the parole board violated his Fifth and Fourteenth Amendment due process and equal protection rights when they treated him differently from other similarly situated individuals by denying his parole.

## Discussion

### I.  **Procedural Due Process**

Petitioner first claims that the parole board violated his due process rights and Michigan law by failing to provide a legally sufficient "substantial and compelling" reason for departing from the parole guidelines.  Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole.  There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release.  *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v.*

*Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118 (6th Cir. Sept. 19, 2003), the plaintiff argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the board's discretion to grant or deny parole, and because it requires the board to provide "substantial and compelling reasons" for departing from the parole guidelines. The Sixth Circuit rejected the plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with the discretion of the parole board." 2003 WL 22177118, at *1. Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Because Petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

II.     **Substantive Due Process**

Petitioner's allegations suggest that, regardless of the existence of any liberty interest protected by procedural due process, he has been denied substantive due process by the arbitrary actions of the Parole Board in refusing to follow state law.  To the extent that Petitioner argues a violation of state law, such a claim is not cognizable in a federal habeas corpus action.  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988) (citations omitted).

Petitioner appears to allege that he has been denied substantive due process by the arbitrary actions of Respondents in refusing to follow state law. Petitioner's substantive due process claim is without merit. Substantive due process "prevents the government from engaging in conduct that shocks the conscience, . . . or interferes with rights implicit in the concept of ordered liberty, . . . ." *United States v. Salerno,* 481 U.S. 739, 746 (1987) (internal quotation marks and citations omitted). Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, religion, or political beliefs, or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631 F.2d 233, 236 n.2 (3d Cir. 1980), Petitioner does not present any such allegations here. *See Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002) (considering substantive due process claim in context of parole).  Moreover, it cannot be said that the actions of the parole board in continuing to deny Petitioner's release on parole either shock the conscience or interfere with rights implicit in the concept of ordered liberty.  Petitioner was convicted of manslaughter and felony-firearm.  In light of these offenses, the Michigan Parole Board's decision cannot reasonably be considered to

either shock the conscience or interfere with rights implicit in the concept of ordered liberty. Consequently, I recommend that Petitioner fails to state a substantive due process claim.

### III. **Equal Protection**

Petitioner further claims that the parole board violated his Fourteenth Amendment equal protection rights when it treated him differently from other similarly situated prisoners. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to deny Petitioner's parole need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's allegations of discriminatory treatment are wholly conclusory. For example, he alleges:

> Petitioner asserts that Respondent's did intentionally violate Petitioner's Equal Protection rights, by not releasing Petitioner on his projected date of December 27, 2006 (See Exhibit #3), as Respondent's have clearly released many other similarly

> situated individual person (prisoners) on their projected parole outdate, which they are similarly situated, individual persons (prisoners), as Petitioner is. Other similarly situated individual prisoners have been actually released on their projected parole date, and the similarly situated prisoners were released by Respondents, violating Petitioner's Equal Protection rights.

(Pet., 17, docket #1). Petitioner specifically lists eight prisoners who were released on parole, but does not allege how they are similarly situated to him. Petitioner's vague, conclusory allegations of discrimination are not enough to state an equal protection claim. "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *see also Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir. 1996) (an equal protection claim which is not supported by factual allegations may be dismissed as being only conclusory); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-24 (6th Cir. 1971) (same).

Moreover, Petitioner offers no proof that the eight inmates who have purportedly been granted parole on their projected outdates "were similarly situated to him in all respects that are material to the parole assessment." *See Barker v. Conerly*, No. Civ. 05CV74408DT, 2006 WL 305643, at *3 (E.D. Mich. Feb. 9, 2006) (*citing Linger v. Akram*, 23 F. App'x 248, 252 n. (6th Cir. 2001)). Without such evidence, he fails to state an equal protection claim: "[i]n light of the number of factors that a parole board must consider in determining whether to grant a prisoner parole release, a habeas petitioner's bare assertion that his parole application was rejected while similarly situated prisoners were granted parole is insufficient to state a claim upon which habeas relief can be granted." *Barker*, 2006 WL 305643, at *3 (citing *Davis v. Thomas*, 269 F. Supp.2d 335, 337 (S.D.N.Y.2003)). Petitioner, therefore, fails to state an equal protection claim.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because he fails to raise a cognizable federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  December 18, 2007                                   /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).