UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WALTER GIVANS,

       Petitioner,

v.                                       Case No. 1:07-CV-1168

MICHIGAN DEPARTMENT OF              HON. GORDON J. QUIST
CORRECTIONS, et al.,

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated December 18, 2008, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be dismissed pursuant to Rule 4 because the petition fails to state a cognizable federal habeas claim. The magistrate judge further recommended that a certificate of appealability be denied. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The magistrate judge concluded that Petitioner's procedural due process claim is without merit because Petitioner has no liberty interest under Michigan's parole system. He also concluded that Petitioner's substantive due process and equal protection claims lack merit.

In his objection, Petitioner contends that the magistrate erred in his conclusions on all three claims. Petitioner states, "The parole denial violated Petitioner's due process as substantive which does not need to identify a liberty interest sufficient to implicate due process protection." (Objections at 2.) Petitioner seems to miss the point of the magistrate judge's analysis. For purposes of the procedural due process claim, the magistrate judge cited a wealth of case law from the Sixth

Circuit holding that Michigan's parole system does not create a liberty interest in parole that may support a due process claim. Petitioner fails to cite any binding authority to the contrary. Thus, the magistrate judge was correct that Petitioner fails to allege a procedural due process claim.

Likewise, Petitioner fails to provide any convincing reason why the magistrate judge's conclusion that nothing in the parole board's decision implicates substantive due process concerns. While the parole board's decision may seem harsh to Petitioner, as the magistrate judge noted, in light of the circumstances of Petitioner's offense, it cannot be considered to shock the conscience or interfere with fundamental rights.

Finally, Petitioner contends that the magistrate judge erred in concluding that Petitioner's equal protection claim lacks merit. Petitioner contends that he is a "class of one." Even if Petitioner is considered a class of one, he has not shown that he is in a suspect class entitled to strict scrutiny. Moreover, Petitioner fails to address the magistrate judge's observation that Petitioner fails to allege that the inmates Petitioner cites as having been granted parole were similarly situated to Petitioner. Accordingly, Petitioner's objection is without merit.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 18, 2007 (docket no. 5) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED** pursuant to Rule 4 because his claim is without merit.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated: February 29, 2008          /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE